UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                    Case No. 19-43403

RUDALEV 2, LLC,                           In Proceedings Under
                                          Chapter 11

            Debtor.                       Hon. Mark A. Randon
_____/

**FIRST DAY MOTION FOR ENTRY OF AN
ORDER DIRECTING JOINT ADMINISTRATION
OF THE DEBTORS' CHAPTER 11 CASES**

Rudalev 2 Refinance, LLC ("Refinance") and Rudalev 2, LLC ("Rudalev Holding" and together with Refinance, the "Debtors"), by their proposed counsel, Schafer and Weiner PLLC, for their *First Day Motion for Entry of an Order Directing Joint Administration of the Debtors' Chapter 11 Cases* (the "Motion"), state as follows:

**JURISDICTION**

1. The Court has jurisdiction over this First Day Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue of this proceeding and the First Day Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

## GENERAL

4. On March 10, 2019 (the "Petition Date"), each of the Debtors filed Voluntary Petitions for relief (the "Chapter 11 Cases") under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Each of the Debtors continue to operate their business and manage their financial affairs as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in either Chapter 11 Case.

5. The Debtors file this Motion requesting an order for joint administration of the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and E.D. Mich. LBR 1015-1.

## BACKGROUND

6. Refinance owns 60 parcels of real property located in the Wayne, Oakland and Macomb counties (individually a "Property" or collectively the "Properties"). All of the Properties are single occupancy residential homes, except for one Property which contains two separate residential units. Refinance is wholly owned by Rudalev Holding whose only asset is its 100% membership interest in Refinance.

7.  Refinance leases and manages the Properties through a third-party management company called Summit Consulting Services, LLC ("Summit"), who, upon information and belief, is Refinance's agent. Summit is responsible for leasing the properties, collecting rents, communicating with tenants, and repairing and maintaining the Properties, among other services.

8.  On or around November, 2018, CYT Holdings, Inc. ("CYT") purchased the membership interest in Refinance and Rudalev Holding from Rudalev, LLC, and Rudalev Refinance, LLC. CYT funded the purchase by selling twenty-four percent (24%) of its membership interests in Rudalev Holdings to twenty-one (21) investors who are mostly individuals ("Holdings Investors").

9.  CYT was managed by an individual named Yossef Tsurel, who was appointed as the manager of both Refinance and Rudalev Holdings. Almost immediately after CYT purchased the Debtors, trouble started brewing. Numerous individuals began to accuse CYT and/or Yossef Tsurel of converting or misusing their investment funds by failing to use them to purchase real estate portfolios as promised (the "Defrauded Investors"). In response to the deluge of accusations that followed, Yossef Tsurel abandoned his duties as manager of Rudalev Holdings and Refinance and ceased taking any action to steer the Debtors forward.

10. Concerned that the ship was without a captain, a Holdings Investor named Gabriel David ("Mr. David") stepped up to the plate and began attempting

to piece together the Debtors' financial and operating position. As Mr. David became more familiar with the Debtors' finances and assets, he determined that several of the individual Properties are vacant but cannot be sold or re-leased until necessary repairs are made. Because Refinance does not have the liquidity to make the necessary repairs, these Properties are sitting vacant causing a decline in Refinance's already meager profit. Mr. David also determined that Refinance would soon be unable to pay the amounts owed to its secured lender, its Management Company and its other creditors without a restructuring of its obligations or a cash infusion.

11. Pursuant to a Resolution effective as of January 1, 2019, the Holdings Investors voted to appoint Mr. David as the manager of Rudalev Holding. Rudalev Holding, as the sole member of Refinance, then voted to appoint Mr. David as the manager of Refinance. Pursuant to these resolutions, Mr. David is the manager of Rudalev Holding and Refinance and is also the Debtors' responsible person.

12. Subsequently, and presumably in an effort to placate the Defrauded Investors, Tsurel caused CYT to transfer twenty-four percent (24%) of its seventy-six percent (76%) membership interest in Rudalev Holding to CYT's attorney, Eitan Fishman, to be held in trust for the Defrauded Investors.

13. As a result, as of the Petition Date, Rudalev Holdings' ownership structure is as follows: (i) 51.6% owned by CYT, (ii) 24% owned by the Holding

Investors, and (iii) 24.4% owned by Eitan Fishman as trustee for the benefit of the Defrauded Investors.

14. The Debtors have filed these Chapter 11 proceedings in an effort to reorganize their capital structure so that the are able to complete the necessary repairs to the vacant Properties, increase cash flow by re-renting or selling the Properties after repair, potentially seek to modify or reject its Management Agreement with Summit, pay unsecured creditors, and resolve any disputes between CYT, Holdings Investors and Defrauded Investors as to each parties' right to distributions and/or repayment of capital contributions.

15. Pursuant to Local Rule 1015-1, the Debtors provide as follows:

(a) Refinance is wholly owned by Rudalev Holdings;

Rudalev Holdings is owned 51.62% by CYT Holdings, LLC, and the remaining interests are owed by the individuals listed on the Rudalev Holdings' List of Equity Security Holders filed with the Court in Case No. 19-43403 at Dk. No. 1, pg. 5-6.

(b) Upon information and belief, there are no intercompany claims between the Debtors.

(c) Rudalev Holdings has guaranteed Refinance's secured obligation to Midland (defined below).

(d) Neither Debtor is publicly traded.

(e) Upon information and belief, there have not been any transfers between Refinance and Rudalev in the past year.

## RELIEF REQUESTED

16. By this Motion, the Debtors seek entry of an order, substantially in the form attached as Exhibit A, directing joint administration of the Chapter 11 Cases under the case number assigned to Refinance.

## BASIS FOR RELIEF

17. Pursuant to Bankruptcy Rule 1015(b), "(i)f ... two or more petitions are pending in the same court by or against ... (4) a debtor and an affiliate, the court may order a joint administration of the estates."

18. Refinance is wholly owned by Rudalev Holdings, and Refinance is Rudalev Holding's sole asset. Furthermore, both Debtors have pledged their assets to secure an approximately $3,040,000 obligation to Midland Loan Services, a division of PNC Bank, NA ("Midland"), as Master and Special Servicer and the Directing Holder for Wilmington Trust NA as Trustee for CoreVest American Finance 2017-1 Mortgage Pass-Through Certificates. As a result, the Debtors anticipate filing a joint plan of reorganization in these cases.

19. Many of the motions, hearings and orders that are expected to arise in the Chapter 11 Cases will jointly affect each Debtor. By jointly administering the Chapter 11 Cases, the Debtors will be able to reduce fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

20. Jointly administering the Chapter 11 Cases, for procedural purposes only, will allow the Debtors to optimally and economically administer the pending Chapter 11 Cases. Further, the rights of the Debtors' respective creditors will not be adversely affected by the joint administration of the Chapter 11 Cases because this Motion requests only administrative, not substantive consolidation of the estates. For example, any creditor may still file a claim against a particular Debtor or its estate, or both Debtors and their respective estates. All of the Debtors' creditors will thus benefit from the reduced costs as a result of such joint administration. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, approval of the Motion will simplify the United States Trustee's supervision of the administrative aspects of the Chapter 11 Cases.

21. Accordingly, joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their creditors and equity security holders and all parties in interest. Accordingly, the Debtors request that the caption of the Chapter 11 Cases be modified to reflect the joint administration of such cases, as show below.

22. The Debtors request that the caption of the Chapter 11 Cases be modified to reflect the joint administration of such cases, as show below:

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:  Case No. 19-43402

RUDALEV 2 REFINANCE, LLC, *et. al.*[1]  In Proceedings Under
  Chapter 11

        Debtor.  Hon. Mark A. Randon

_____/

23. The Debtors also request that two docket entries be made in each of the above-captioned cases substantially as follows:

    (a) An order has been entered in this case directing the joint administration of the chapter 11 cases of Rudalev 2 Refinance, LLC and its holding company, Rudalev 2. The docket in case no. 19-43402 should be consulted for all matters affecting this case.

    (b) A Proof of claim against either of the Debtors or their respective estates must be filed in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly administered case, unless such creditor asserts a claim against Refinance.

## NOTICE

24. Notice of this Motion will be given to (a) the United States Trustee for

---

[1] This case is being jointly administered with *In re: Rudalev 2, LLC*, Case No. 19-43403.

the Eastern District of Michigan, (b) identified secured creditors, and (c) the Debtors' unsecured creditors. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

25. No previous motion for the requested relief has been made to this or any other court.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order, substantially in the form attached as Exhibit 1, directing joint administration of the Chapter 11 Cases under the case number assigned to Refinance, and grant such further relief as is proper and just.

Respectfully submitted:

SCHAFER AND WEINER, PLLC

By: /s/ Kim K. Hillary
MICHAEL E. BAUM (P29446)
KIM K. HILLARY (P67534)
Proposed Counsel for Debtors
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
248-540-3340
mbaum@schaferandweiner.com
khillary@schaferandweiner.com

Dated: March 11, 2019

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:  Case No. 19-43403

RUDALEV 2, LLC,  In Proceedings Under
 Chapter 11

      Debtor.  Hon. Mark A. Randon

_____/

## ORDER DIRECTING JOINT ADMINISTRATION
## OF THE DEBTORS' CHAPTER 11 CASES

Upon the Motion of the Debtors for an Order Directing the Joint Administration of the Chapter 11 Cases (the "Motion"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED**.

2. The Debtors' respective captioned and numbered cases are consolidated, for procedural purposes only, and shall be jointly administered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan.

3. The caption of the jointly administered cases is to read as follows:

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 1943402 |
| RUDALEV 2 REFINANCE, LLC, *et. al.*[1] | In Proceedings Under Chapter 11 |
| Debtor. | Hon. Mark A. Randon |
| _____/ | |

---

[1] This case is being jointly administered with the *In re: Rudalev 2, LLC*, Case No. 19-43403.

4. A docket entry shall be made in each of the above-captioned cases substantially as follows:

   a. An order has been entered in this case directing the joint administration of the chapter 11 cases of Rudalev 2 Refinance, LLC, and its holding company, Rudalev 2, LLC. The docket in case no. 19-43402 should be consulted for all matters affecting this case.

   b. A proof of claim against either Debtor or their respective estates must be filed in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly administered case, unless such creditor asserts a claim against Rudalev 2 Refinance, LLC.

5. A creditor filing a proof of claim against any of the Debtors must file said proof of claim in the particular Debtor's chapter 11 case and not in the jointly administered case unless such creditor holds a claim against Refinance.

6. A copy of this Order shall be served on all of the creditors in each of the proposed jointly administered cases pursuant to Local Rule 1015-1(d).

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.